*[NOTICE: This Amended Complaint is filed (i) pursuant to Fed. R. Civ. P. 15(a)(1) as Plaintiff's amendment as a matter of course, no defendant having been served; (ii) in compliance with the Court's Endorsed Order of June 1, 2026 (Doc. 15), with account numbers and personal identifying information redacted pursuant to Fed. R. Civ. P. 5.2; and (iii) proactively addressing pleading format requirements under Fed. R. Civ. P. 8 and 10. This Amended Complaint supersedes and replaces the original Complaint (Doc. 1) in its entirety and is the operative pleading in this action. Exhibits A–L are attached hereto. Exhibits A–L are also incorporated by reference to the sealed original Complaint (Doc. 1).]*

---

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

Eric Christopher Carmichael,

**Plaintiff,**

v.

FREDDIE MAC (as Trustee),

a/k/a FEDERAL HOME LOAN MORTGAGE CORPORATION;

HEIDI MASON, in her capacity as Trustee and Executive Vice President

— General Counsel and Secretary of Freddie Mac;

UNITED WHOLESALE MORTGAGE, LLC;

PNC BANK, N.A.; and

JOHN DOES 1–10,

**Defendants.**

**Case No.:** 6:26-cv-01011-CEM-NWH
**Jury Trial:** Not Demanded

# PLAINTIFF'S REDACTED AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

## I. THE PARTIES

### A. Plaintiff

**1.** Plaintiff **Eric Christopher Carmichael** ("Plaintiff") is a natural person and citizen of the State of Florida, residing at 3514 Sebring Avenue, Orlando, Orange County, Florida 32806. Telephone: 407-217-3056. E-mail: **[REDACTED]**.

### B. Defendants

**2.** **Freddie Mac (a/k/a Federal Home Loan Mortgage Corporation) ("Freddie Mac")** is a government-sponsored enterprise organized under federal law, 12 U.S.C. § 1451 et seq., with its principal place of business at 8200 Jones Branch Drive, McLean, Virginia 22102. Freddie Mac acted as Issuer, Depositor, Indenture Trustee, and Administrator for the securitization trusts at issue, including Freddie Mac Multiclass Certificates Series 4281 and Series 5111 (the "Securitization Trusts"). As trustee and administrator, Freddie Mac owed fiduciary duties under the Florida Trust Code, Fla. Stat. Ch. 736, and the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa et seq.

**3.** **Heidi Mason ("Mason")** is sued in her official capacity as Trustee and Executive Vice President — General Counsel and Secretary of Freddie Mac, with service c/o Freddie Mac at 8200 Jones Branch Drive, McLean, Virginia 22102. As trustee, Mason personally oversaw and participated in the administration of the Securitization Trusts and the fiduciary breaches alleged herein.

**4.** **United Wholesale Mortgage, LLC ("UWM")** is a Michigan limited liability company with its principal place of business at 585 South Boulevard E, Pontiac, Michigan 48341. UWM was the original lender on Plaintiff's mortgage loan and a participant in the securitization of the loan into the Securitization Trusts.

5. **PNC Bank, N.A. ("PNC")** is a nationally chartered bank with its principal place of business at 222 Delaware Avenue, Wilmington, Delaware 19801. PNC acts as servicer for the Securitization Trusts' securities, and in that capacity owes duties of prudent administration under Fla. Stat. § 736.0805.

6. **John Does 1–10** are presently unknown entities or individuals who participated in the origination, securitization, or administration of Plaintiff's mortgage loan or the Securitization Trusts. Plaintiff will amend to identify them upon discovery.

## II. BASIS FOR JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331** (federal question). Plaintiff asserts claims arising under: the Securities Act of 1933, 15 U.S.C. § 77a et seq.; the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.; the Trust Indenture Act of 1939 ("TIA"), 15 U.S.C. § 77aaa et seq.; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; and the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 et seq.

8. This Court has supplemental jurisdiction over Plaintiff's state-law claims under **28 U.S.C. § 1367**, including claims under the Florida Trust Code (Fla. Stat. Ch. 736), the Florida UCC (Fla. Stat. Chs. 673, 678, 679), and Florida common law, all of which arise from the same nucleus of operative facts as the federal claims.

9. Diversity jurisdiction independently exists under **28 U.S.C. § 1332**: Plaintiff is a Florida citizen; Defendants are citizens of Virginia, Michigan, and Delaware; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendants under **Fla. Stat. § 48.193** (Florida Long-Arm Statute) because Defendants transacted business in Florida, committed tortious acts in Florida in connection with Plaintiff's mortgage loan and the securitization of Florida real property, and purposefully availed themselves of Florida's markets.

11. Venue is proper in this District under **28 U.S.C. § 1391(b)(2)** because a substantial part of the events giving rise to Plaintiff's claims occurred in Orange County, Florida, including the loan closing, the Property location, and the accrual of Plaintiff's causes of action.

## III. STATEMENT OF FACTS

**A. The Mortgage Loan**

**12.** On February 26, 2021, Plaintiff executed a promissory note in the original principal amount of **$266,750.00** (the "Note"), secured by a mortgage (the "Mortgage") encumbering real property located at 3514 Sebring Avenue, Orlando, Florida 32806 (the "Property"). The original lender was UWM. The Mortgage was recorded in the Official Records of Orange County, Florida, under Instrument Number 1221084976 (Mortgage) and 0159207291 (UWM). The loan terms included an interest rate of 2.999%, a 30-year term, and an initial monthly payment of $1,436.55 (including $312.06 in escrow for taxes and insurance), as evidenced by the Closing Disclosure dated February 26, 2021 *(Exhibit A)* and the ALTA Settlement Statement *(Exhibit B)*. The Property was purchased from Kelsie Michele Phelps (a/k/a Kelsie Riebel) and Cody Riebel for $275,000.00, with clear title confirmed at closing via the ALTA Title Insurance Commitment dated January 25, 2021 *(Exhibit C)*, which insured Plaintiff as owner for $275,000.00 and UWM as lender.

**13.** Plaintiff has made payments on the Note as required throughout the life of the loan.

**B. Formation and Governing Documents of the Securitization Trusts**

**14.** The Note and Mortgage were securitized into the Securitization Trusts — Freddie Mac Multiclass Certificates Series 4281 and/or Series 5111 — identified by CUSIP numbers [REDACTED], with a total issued value of $227,451,857.00 in REMIC and MACR certificates, as detailed in the Offering Circular Supplement for Freddie Mac Multiclass Certificates Series 5111 *(Exhibit D)*.

**15.** The Securitization Trusts are governed by a Pooling and Servicing Agreement ("PSA") and applicable trust law. Freddie Mac acted as Issuer, Depositor, Indenture Trustee, and Administrator; UWM acted as Original Lender; and PNC acts as Servicer. The PSA expressly governs the transfer of mortgage loans into the Securitization Trusts and imposes binding obligations on all Defendants as to the timing and manner of such transfers.

**16.** The Securitization Trusts' certificates constitute "securities" within the meaning of 15 U.S.C. § 77b(a)(1) and 15 U.S.C. § 78c(a)(10), and the Trusts are "indentures" subject to the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa et seq.

**C. The Improper and Void Assignment**

**17.** A critical chain-of-title defect exists in this case: an assignment of the Mortgage was dated December 27, 2013 — more than seven years before the February 26, 2021 loan closing date. This pre-closing assignment is legally impossible and void, as the Note and Mortgage did not exist until February 26, 2021. An assignment of a non-existent instrument has no legal effect under Florida law or the UCC.

**18.** Furthermore, the Note and Mortgage were not properly transferred into the Securitization Trusts in compliance with the PSA's transfer requirements, including proper endorsement and delivery of the Note and proper assignment of the Mortgage prior to the applicable PSA closing date, constituting breaches of the PSA and violations of UCC Articles 3 and 9 (Fla. Stat. §§ 673.2011, 679.1011 et seq.).

**19.** As a result, Defendants' purported interests in the Note and Mortgage are unperfected and legally unenforceable, creating a material defect in the chain of title to the Note and Mortgage and a cloud on the title to the Property.

**D. Bloomberg Analysis and Auditor's Findings**

**20.** On or about November 16, 2024, Certified Mortgage Securitization Auditor Steven Bernstein performed a targeted Bloomberg database search for Plaintiff's loan (original principal $266,750.00, originated February 26, 2021 by UWM under Loan No. 1221084976 / 0159207291 / 1001123695371). An initial search returned no trust identification. A second-tier search using exact loan parameters directly linked the loan to Freddie Mac Multiclass Certificates Series 5111, specifically within Group G3, one of thirteen active tranches/classes. The tranche containing Plaintiff's loan remains active as evidenced by Bloomberg's internal indicators.

**21.** On or about October 15, 2025, Auditor Bernstein executed a notarized Affidavit of Facts *(Exhibit J)* documenting the chain-of-title defects, the improper assignment, and the securitization of Plaintiff's loan into the Securitization Trusts without proper transfer procedures. The Affidavit further constitutes a Constructive Notice of Fraud identifying violations of 12 U.S.C. §§ 503, 1978, 18 U.S.C. § 1005, and 15 U.S.C. § 1640, establishing that the mortgage loan was converted from order paper to bearer paper without proper endorsement, in violation of Fla. Stat. Ch. 673 and the PSA's transfer requirements, rendering Defendants' claimed interests in the Note and Mortgage legally unenforceable.

**E. Defendants' Breaches of Fiduciary Duty as Trustee**

**22.** Freddie Mac, as Trustee and Administrator of the Securitization Trusts, and Mason, as individual Trustee, owed the following fiduciary duties to all parties with interests in the Trusts' assets under the Florida Trust Code and federal trust law:

**23.** (a) the duty to administer the Trusts in good faith consistent with their terms (Fla. Stat. § 736.0801; 15 U.S.C. § 77ooo(a));

**24.** (b) the duty of loyalty, prohibiting self-dealing and conflicts of interest (Fla. Stat. § 736.0802; Restatement (Third) of Trusts § 78);

**25.** (c) the duty of prudent administration — to exercise reasonable care, skill, and caution (Fla. Stat. § 736.0804; EPTL § 11-2.3);

**26.** (d) the duty to keep interested parties informed and to render accountings (Fla. Stat. § 736.0813); and

**27.** (e) the duty to protect and enforce Trust property (Fla. Stat. §§ 736.0805, 736.0811).

**28.** Defendants breached these duties by: (a) recording and relying upon a void mortgage assignment dated December 27, 2013, predating the loan's existence by over seven years; (b) failing to properly transfer the Note and Mortgage into the Securitization Trusts in compliance with the PSA; (c) mishandling escrow funds as evidenced by the homeowner's insurance records *(Exhibit A)*; (d) failing to respond to Plaintiff's documented notices and demands; and (e) failing to provide any accounting of the Securitization Trusts' assets, income, and distributions.

**29.** These breaches constitute grounds for judicial removal of Freddie Mac and Mason as trustees under Fla. Stat. § 736.0706(1)(b) (serious breach of trust, unfitness, or failure to cooperate) and entitle Plaintiff to the full range of remedies under Fla. Stat. §§ 736.1001–736.1002 and 736.1018.

**F. Plaintiff's Pre-Suit Notices and Demands**

**30.** Plaintiff served a Notice of Adverse Claim under UCC Article 8 (Fla. Stat. § 678.1011 et seq.) upon Defendants, asserting Plaintiff's legal interest in the mortgage loan and Securitization Trusts and demanding a halt to all transfers and a full accounting. *(Exhibit E.)*

**31.** Plaintiff served a Notice of Demand for Restitution and Legal Compliance upon Defendants, detailing the chain-of-title violations and demanding rescission, restitution, and treble damages. *(Exhibit F.)*

**32.** On April 10, 2025, Plaintiff served a Notice of Default upon Defendants, noting their failure to respond within the required time and asserting Plaintiff's superior claim under applicable trust law and UCC § 8-502 (Fla. Stat. § 678.5021). *(Exhibit G.)*

**33.** Defendants failed to respond to any of Plaintiff's notices or demands and have taken no remedial action.

**G. Publication Notice to Unknown Parties**

**34.** To provide constructive notice to John Does 1–10 and any other unknown parties with an interest in the mortgage loan or Securitization Trusts, the subject matter of this action was published in a newspaper of general circulation in Orange County, Florida for four consecutive weeks pursuant to Fed. R. Civ. P. 4(e)(1) and Fla. Stat. § 49.011. An Affidavit of Publication is attached as *Exhibit H.*

**35.** Following the publication period, intent-to-sue letters were served upon all known Defendants by certified mail and email. Copies of those letters and proofs of mailing are attached as *Exhibit I.*

**H. Revocation of Trustee and Administrative Roles**

**36.** On February 26, 2026, Plaintiff formally notified all named Defendants of the revocation of their trustee, administrative, servicer, and fiduciary roles based upon their serious and documented breaches of fiduciary duty under the PSA and applicable trust law, pursuant to Fla. Stat. §§ 736.0706 and 736.0707. The Revocation Notice is attached as *Exhibit K.*

**I. Supporting Affidavit**

**37.** Plaintiff's Affidavit of Personal Knowledge, sworn on September 10, 2025, supporting and corroborating the facts set forth herein is attached as *Exhibit L.*

**J. Unauthorized Use of Plaintiff's Personal Information**

**38.** Defendants, as financial institutions subject to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., used Plaintiff's non-public personal information — including Plaintiff's Social Security number — in connection with the registration and administration of the Securitization Trusts' securities, without Plaintiff's knowledge or consent, in violation of 15 U.S.C. § 6802.

**K. Defendants' Ongoing Unauthorized Activities**

**39.** Notwithstanding the legal invalidity of the December 27, 2013 assignment and the improper securitization, Defendants have continued to assert enforceable interests in the Note and Mortgage, to collect or seek to collect payments, and to administer the Securitization Trusts — all without valid legal authority — causing ongoing harm to Plaintiff, including potential foreclosure risk, loss of trust benefits, and a continuing cloud on the title to the Property.

## IV. CAUSES OF ACTION

### COUNT I — DECLARATORY JUDGMENT

*28 U.S.C. § 2201; Fla. Stat. §§ 86.011, 736.0201*

*Against: All Defendants*

**40.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**41.** An actual, present, and justiciable controversy exists between the parties regarding: (a) the validity and legal effect of the December 27, 2013 mortgage assignment, which predates the loan's origination by over seven years; (b) Defendants' authority to act as Trustee, servicer, or administrator under the PSA; and (c) the enforceability of any interest Defendants claim in Plaintiff's Note or Mortgage.

**42.** The December 27, 2013 assignment is void as a matter of law because it purports to assign an instrument that did not exist on its face date. Additionally, the failure to properly transfer the Note and Mortgage into the Securitization Trusts in compliance with the PSA renders Defendants' purported interests unenforceable.

**43.** Plaintiff is entitled to a declaratory judgment: (a) declaring the December 27, 2013 assignment void; (b) declaring that Defendants hold no legally enforceable interest in Plaintiff's Note or Mortgage; (c) declaring that all purported Securitization Trust security interests in the Property are without legal basis; (d) declaring the Note satisfied and discharged; and (e) declaring that Defendants' trustee and administrative roles are subject to judicial removal under Fla. Stat. § 736.0706.

## COUNT II — BREACH OF TRUST AND REMOVAL OF TRUSTEE

*Fla. Stat. §§ 736.0706, 736.1001, 736.1002; 15 U.S.C. § 77ooo*

*Against: Freddie Mac; Mason*

**44.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**45.** Freddie Mac and Mason, as Trustee and individual Trustee respectively of the Securitization Trusts, owe the fiduciary duties set forth in Section III.E above to all parties with interests in the Trusts' assets.

**46.** Defendants committed serious breaches of trust by: (a) recording and relying upon a void mortgage assignment dated December 27, 2013; (b) failing to properly transfer the Note and Mortgage into the Securitization Trusts in compliance with the PSA; (c) failing to enforce the PSA's transfer requirements; and (d) failing to provide accountings or respond to Plaintiff's documented demands for information, in violation of the duty to inform under Fla. Stat. § 736.0813.

**47.** These breaches constitute grounds for: (a) judicial removal of Freddie Mac and Mason as trustees under Fla. Stat. § 736.0706(1)(b); (b) a mandatory accounting of all Securitization Trust assets, income, and distributions under Fla. Stat. §§ 736.0813 and 736.1001(2)(d); (c) compelled redress and restoration of Trust property under Fla. Stat. § 736.1001(2)(b)–(c); and (d) damages measured by the greater of restoration value or profits wrongfully obtained, under Fla. Stat. § 736.1002.

**48.** No exculpatory clause in the PSA or trust instrument shields Defendants from liability for their bad-faith breaches. Fla. Stat. § 736.1011; *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999). Plaintiff also seeks appointment of a successor trustee and/or interim administrator under Fla. Stat. § 736.1001(2)(e).

## COUNT III — PERMANENT INJUNCTIVE RELIEF

*Fed. R. Civ. P. 65; Fla. Stat. § 736.1001*

*Against: All Defendants*

**49.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**50.** Plaintiff will suffer irreparable harm absent injunctive relief, including the risk of foreclosure on the Property based on Defendants' void and unenforceable

interests, loss of Trust distributions, and ongoing cloud on title to the Property. No adequate remedy at law exists for these harms.

**51.** The balance of hardships favors injunctive relief: the harm to Plaintiff from continued unlawful administration of the Trusts and assertion of unenforceable interests is substantial, while the harm to Defendants from being required to comply with the law is minimal.

**52.** The public interest favors injunctive relief, as enforcement of trust law and proper securitization procedures protects the integrity of the mortgage markets and the rights of borrowers.

**53.** Plaintiff seeks a permanent injunction enjoining Defendants from: (a) selling, transferring, encumbering, or otherwise disposing of the Note or Mortgage; (b) foreclosing on the Property based on any interest derived from the void December 27, 2013 assignment; (c) collecting any further payments from Plaintiff under an unenforceable interest; (d) trading or selling any Securitization Trust securities linked to CUSIP numbers [REDACTED] on the basis of the void assignment; and (e) using Plaintiff's non-public personal information without Plaintiff's express prior written consent.

## COUNT IV — SUBROGATION AND UNJUST ENRICHMENT

*Florida Common Law; Restatement (Third) of Suretyship § 63; Fla. Stat. §§ 736.0501, 736.1001, 736.1018*

*Against: All Defendants*

**54.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**55.** Plaintiff, as the original obligor on the Note whose payments funded the Securitization Trusts' asset pool, has a legally recognized interest in the proper administration of the Trusts and in the chain of title to the Note and Mortgage.

**56.** Defendants have been unjustly enriched by receiving the benefit of Plaintiff's payments while simultaneously maintaining an invalid legal interest in the Note and Mortgage arising from the void December 27, 2013 assignment and improper securitization.

**57.** Plaintiff is entitled to: (a) restitution for Defendants' unjust enrichment; (b) disgorgement of all administrative fees and profits improperly retained by Defendants in connection with their unauthorized Trust administration; and (c) restoration of Trust property and assets improperly administered under Fla. Stat. § 736.1001(2)(b)–(c) and § 736.1018.

## COUNT V — VIOLATIONS OF FLORIDA UNIFORM COMMERCIAL CODE

*Fla. Stat. Chs. 673, 678, 679*

*Against: All Defendants*

**58.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**59.** The Note executed by Plaintiff on February 26, 2021 constitutes a negotiable instrument within the meaning of Article 3 of the Florida UCC, Fla. Stat. Ch. 673.

**60.** Because the Note was not properly endorsed and transferred into the Securitization Trusts in compliance with the PSA, and because the December 27, 2013 assignment is void, Defendants' purported interests in the Note and Mortgage are unperfected and legally unenforceable under UCC §§ 3-201, 9-203 (Fla. Stat. §§ 673.2011, 679.2031), resulting in a material break in the chain of title.

**61.** Plaintiff, as the original obligor with a direct legal interest in the validity of the chain of title, is entitled under Fla. Stat. § 678.5021 (UCC § 8-502) to assert an adverse claim against Defendants' purported security entitlements and to seek judicial relief voiding those entitlements.

## COUNT VI — VIOLATIONS OF THE SECURITIES ACT OF 1933

*15 U.S.C. § 77a et seq.*

*Against: Freddie Mac; UWM*

**62.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**63.** The mortgage-backed certificates issued by the Securitization Trusts and sold to investors constitute "securities" within the meaning of 15 U.S.C. § 77b(a)(1).

**64.** Defendants offered and sold these securities with material omissions, in violation of 15 U.S.C. § 77l, including: (a) failure to disclose that the December 27, 2013 mortgage assignment predated the loan's origination and was therefore void; (b) failure to disclose the resulting chain-of-title defects identified in Auditor Bernstein's Affidavit *(Exhibit J)*; and (c) failure to disclose the unauthorized use of Plaintiff's personal identifying information in connection with the Trusts' registration.

**65.** Plaintiff is entitled to rescission and recovery of consideration paid, plus interest, as provided by 15 U.S.C. § 77l.

## COUNT VII — VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

*15 U.S.C. § 78j(b); SEC Rule 10b-5, 17 C.F.R. § 240.10b-5*

*Against: All Defendants*

**66.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**67.** In connection with the offer, purchase, and sale of the Securitization Trusts' certificates, Defendants employed devices, schemes, and artifices to defraud, and made untrue statements of material fact and omissions of material fact, in violation of 15 U.S.C. § 78j(b) and SEC Rule 10b-5.

**68.** Specifically, Defendants made material misrepresentations and omissions regarding: (a) the validity of the December 27, 2013 mortgage assignment; (b) the Trusts' legal authority to enforce the Note and Mortgage; and (c) the chain of title to Plaintiff's mortgage loan — all in connection with the purchase and sale of the Trusts' certificates.

**69.** Plaintiff is entitled to disgorgement of all proceeds obtained by Defendants through their fraudulent scheme, together with prejudgment interest and other appropriate relief.

## COUNT VIII — VIOLATIONS OF THE TRUST INDENTURE ACT OF 1939

*15 U.S.C. § 77aaa et seq.*

*Against: Freddie Mac; Mason*

**70.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**71.** The PSA governing the Securitization Trusts constitutes an "indenture" within the meaning of the Trust Indenture Act of 1939 ("TIA"), 15 U.S.C. § 77aaa et seq., because it was entered into in connection with the issuance of securities qualified under the Securities Act of 1933.

**72.** Freddie Mac and Mason, as indenture trustees under the PSA, owe duties to certificate holders under 15 U.S.C. § 77ooo(a), including the duty to act with the care of a prudent person in administering the trust indenture.

**73.** Defendants breached their TIA duties by: (a) accepting and relying upon the void December 27, 2013 mortgage assignment; (b) failing to enforce the PSA's transfer requirements; and (c) failing to render accountings to certificate holders.

**74.** Plaintiff is entitled to judicial removal of the indenture trustees, a full accounting, and other appropriate relief under the TIA and Fla. Stat. § 736.1001(2)(d).

## COUNT IX — CIVIL RICO VIOLATIONS

*18 U.S.C. § 1962(c)*

*Against: All Defendants*

**75.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**76.** Defendants Freddie Mac, Mason, UWM, PNC, and John Does 1–10 constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4), associated in fact for the purposes of originating, securitizing, and administering the Securitization Trusts.

**77.** Defendants conducted and participated in the conduct of the enterprise's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5), including multiple acts of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), in violation of 18 U.S.C. § 1962(c).

**78.** The predicate acts of racketeering include: (a) transmitting false and fraudulent representations regarding the validity of the December 27, 2013 mortgage assignment through the mails and wire communications; (b) recording a legally void mortgage assignment in the Orange County Official Records while representing it as valid; and (c) collecting mortgage payments under an unenforceable interest while concealing the chain-of-title defects from Plaintiff and others.

**79.** Plaintiff suffered injury to his property by reason of Defendants' racketeering activity, including $266,750.00 in mortgage payments made under a loan controlled through a fraudulent and void assignment.

**80.** Plaintiff is entitled to treble damages of $800,250.00, plus reasonable litigation costs, under 18 U.S.C. § 1964(c).

## COUNT X — VIOLATIONS OF THE GRAMM-LEACH-BLILEY ACT

*15 U.S.C. § 6801 et seq.*
*Against: Freddie Mac; UWM; PNC*

**81.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

**82.** Defendants Freddie Mac, UWM, and PNC are "financial institutions" subject to the privacy and data protection requirements of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq.

**83.** In connection with the origination and securitization of Plaintiff's mortgage loan, Defendants used Plaintiff's non-public personal information — including Plaintiff's Social Security number — without Plaintiff's knowledge or written consent, for purposes beyond those permitted by 15 U.S.C. § 6802, including in connection with the registration and identification of the Securitization Trusts' securities.

**84.** Defendants' unauthorized use of Plaintiff's non-public personal information constitutes a violation of 15 U.S.C. § 6802 and supports: (a) revocation of Defendants' administrative roles under the Trusts; and (b) restitution and other appropriate equitable relief under Fla. Stat. § 736.1018.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Eric Christopher Carmichael respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, jointly and severally where applicable, and grant the following relief:

**85.** **Declaratory Judgment.** A declaration pursuant to 28 U.S.C. § 2201 and Fla. Stat. § 736.0201 that: (a) the December 27, 2013 mortgage assignment is void as predating the loan's origination by over seven years; (b) Defendants hold no legally enforceable interest in Plaintiff's Note or Mortgage; (c) any purported Securitization Trust security interests in the Property are without legal basis; and (d) the Note is satisfied and discharged.

**86.** **Removal of Trustee and Appointment of Successor.** An order judicially removing Freddie Mac and Mason as Trustee and individual Trustee of the Securitization Trusts pursuant to Fla. Stat. § 736.0706(1)(b), based on their serious and documented breaches of fiduciary duty, and appointing a qualified successor trustee and/or interim administrator pursuant to Fla. Stat. § 736.1001(2)(e).

87. **Full Trust Accounting.** An order compelling Defendants to render a complete accounting of all Securitization Trust assets, income, distributions, fees, and administrative expenses under Fla. Stat. §§ 736.0813 and 736.1001(2)(d), covering the full period of Trust administration.

88. **Permanent Injunction.** A permanent injunction enjoining Defendants, their officers, agents, successors, and assigns from: (a) selling, transferring, encumbering, or otherwise disposing of Plaintiff's Note or Mortgage; (b) foreclosing on the Property based on the void December 27, 2013 assignment; (c) collecting any further payments from Plaintiff under an unenforceable interest; (d) trading or selling any Securitization Trust securities linked to CUSIP numbers [REDACTED] on the basis of the void assignment; and (e) using Plaintiff's non-public personal information without Plaintiff's express prior written consent.

89. **Restitution and Equitable Relief.** Equitable restitution in the amount of $227,451,857.00 — representing 100% of the Securitization Trusts' total issued value — for Defendants' unauthorized securitization of Plaintiff's mortgage loan, unjust enrichment, and breach of fiduciary duty as Trustee; disgorgement of all administrative fees and profits improperly retained in connection with Defendants' unauthorized Trust administration; and restoration of Trust property under Fla. Stat. § 736.1001(2)(b)–(c) and § 736.1018. This amount reflects the full value of the Securitization Trusts' asset pool which was funded in material part by Plaintiff's mortgage payments, and which Defendants administered without a valid legal basis arising from the void December 27, 2013 assignment.

90. **Assignment of Trust Distributions.** An order directing that all continuing income and distributions from the Securitization Trusts (CUSIP numbers [REDACTED]) be assigned to Plaintiff for a period of thirty-three (33) years from the date of this Court's judgment, through approximately March 2051, as equitable compensation for: (a) Plaintiff's mortgage payments that funded the Securitization Trusts' asset pool; (b) Defendants' unauthorized administration of the Trusts arising from the void assignment; and (c) the ongoing unjust enrichment of Defendants at Plaintiff's expense.

91. **Damages.** Compensatory damages in an amount to be proven at trial, including all mortgage payments made by Plaintiff under a loan administered through a void and invalid chain of title; treble damages of $800,250.00 under 18 U.S.C. § 1964(c) (RICO); and damages under Fla. Stat. § 736.1002 measured by the greater of restoration value or profits wrongfully obtained.

**92.** **Litigation Costs and Professional Expenses.** Plaintiff's reasonable litigation costs and professional consultation expenses incurred in connection with this action pursuant to 18 U.S.C. § 1964(c) and Fla. Stat. § 736.1004, including but not limited to: (a) court filing fees; (b) certified mail and service costs; (c) newspaper publication costs for constructive notice; (d) copying and records procurement costs; (e) fees paid to Certified Mortgage Securitization Auditor Steven Bernstein for the Bloomberg Analysis and Affidavit of Facts *(Exhibit J)*; (f) fees paid to legal research and documentation professionals in connection with the preparation of this action; and (g) all other out-of-pocket expenses reasonably incurred in prosecuting this action. Plaintiff reserves the right to seek attorney's fees under these provisions should Plaintiff retain licensed counsel at any stage of this proceeding.

**93.** **Pre- and Post-Judgment Interest.** Pre-judgment and post-judgment interest at the applicable legal rate.

**94.** **Other Relief.** Any other legal or equitable relief that this Court deems just, proper, and appropriate under the circumstances.

## VI. JURY DEMAND

Plaintiff does not demand a trial by jury.

## VII. CERTIFICATION PURSUANT TO FED. R. CIV. P. 11

By signing below, I certify to the best of my knowledge, information, and belief, formed after reasonable inquiry, that: (1) this Amended Complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and legal contentions herein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) this Amended Complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 16, 2026

Signature of Plaintiff: /s/ Eric Christopher Carmichael

Printed Name of Plaintiff: Eric Christopher Carmichael

3514 Sebring Avenue

Orlando, Florida 32806

Telephone: 407-217-3056

E-mail: [REDACTED]

**VERIFICATION**

I, Eric Christopher Carmichael, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

Executed on June 16, 2026, in Orlando, Florida.

Eric Christopher Carmichael
/s/ Eric Christopher Carmichael

Eric Christopher Carmichael

3514 Sebring Avenue, Orlando, Florida 32806

*[Attached: Exhibits A–L as referenced herein.]*